No. _____

---

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

**PHILLIP ALIG, SARA J. ALIG, ROXANNE SHEA AND DANIEL V. SHEA,**
**Individually and on behalf of a class of persons,**

*Plaintiffs-Respondents,*

v.

**QUICKEN LOANS INC.; TITLE SOURCE, INC. d/b/a TITLE SOURCE INC. OF WEST VIRGINIA, INCORPORATED; DEWEY V. GUIDA; APPRAISALS UNLIMITED, INC.; and RICHARD HYETT**

*Defendants-Petitioners.*

---

**From the United States District Court for the Northern District of West Virginia,**
**Case Nos. 12-cv-114 & 12-cv-115, Hon. John Preston Bailey**

---

**DEFENDANT QUICKEN LOANS INC.'S PETITION FOR PERMISSION TO APPEAL UNDER 28 U.S.C. § 1453(C) AND REQUEST FOR STAY UNDER FED. R. APP. P. 8(A)**

---

Carte P. Goodwin
GOODWIN & GOODWIN, LLP
300 Summers Street, Suite 1500
Charleston, WV 25301
Tel: (304) 346-7000
Fax: (304) 344-9692
cpg@goodwingoodwin.com

**Attorney For Petitioner Quicken Loans Inc.**

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. _____     Caption: Phillip Alig, et al., v. Quicken Loans Inc., et al.

Pursuant to FRAP 26.1 and Local Rule 26.1,

Quicken Loans Inc.
(name of party/amicus)

_____

who is _____Appellant_____, makes the following disclosure:
     (appellant/appellee/amicus)

1.    Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO

2.    Does party/amicus have any parent corporations?                           ☑ YES ☐ NO
      If yes, identify all parent corporations, including grandparent and great-grandparent corporations:
       Quicken Loans Inc. is a wholly-owned subsidiary or Rock Holdings Inc.

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                                                    ☐ YES ☑ NO
      If yes, identify all such owners:

4.  Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?  ☐ YES ☑ NO
    If yes, identify entity and nature of interest:

5.  Is party a trade association? (amici curiae do not complete this question) ☐ YES ☑ NO
    If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding? ☐ YES ☑ NO
    If yes, identify any trustee and the members of any creditors' committee:

Signature: /s/Carte P. Goodwin                    Date:    October 19, 2012

Counsel for: Quicken Loans Inc.

## CERTIFICATE OF SERVICE
****************************

I certify that on    October 19, 2012    the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

James G. Bordas, Jr., Esq.
Jason E. Causey, Esq.
Bordas & Bordas, PLLC
1358 National Road
Wheeling, WV 26003

Daniel J. Guida, Esq.
3374 Main Street
Weirton, WV 26062

John W. Barrett, Esq.
Jonathan R. Marshall, Esq.
Bailey & Glasser, LLP
209 Capitol Street

Karen E. Kahle, Esq.
Steptoe & Johnson
P.O. Box 751
Wheeling, WV 26003-0751

/s/Carte P. Goodwin                              October 19, 2012
(signature)                                          (date)

07/19/2012
SCC

- 2 -

# <u>TABLE OF CONTENTS</u>

CIRCUIT RULE 26.1 DISCLOSURE STATEMENT............................................................i

TABLE OF CONTENTS.................................................................................................iii

TABLE OF AUTHORITIES ..........................................................................................iv

PRELIMINARY STATEMENT ......................................................................................1

QUESTION PRESENTED ..............................................................................................2

STATEMENT OF FACTS ...............................................................................................3

RELIEF SOUGHT............................................................................................................4

REASONS WHY AN APPEAL IS AUTHORIZED BY 28 U.S.C. § 1453(c)
AND FED. R. APP. P. 5 ..................................................................................................4

REASONS WHY THE APPEAL SHOULD BE ALLOWED...........................................4

I.      PETITIONER'S APPEAL RAISES IMPORTANT
        AND UNSETTLED QUESTIONS THAT THE DISTRICT COURT
        DECIDED INCORRECTLY .................................................................................5

        A.      The District Court Subverted The Purpose of CAFA ......................................5

        B.      The District Court Improperly Considered Evidence Included With
                Plaintiffs' Reply Brief.....................................................................................6

        C.      The District Court, Applying Eleventh Circuit Precedent, Improperly
                Undervalued The Local Defendant's Ability To Pay In Determining
                "Significant Relief"........................................................................................7

        D.      The District Court, Applying Third and Eighth Circuit Precedent,
                Erred In Ruling That The Alleged Conduct Of A Peripheral Defendant
                Could Form a "Significant Basis" For All The Claims Asserted
                In The Action ...................................................................................................9

II      THE REMAINING FACTORS FAVOR APPELLATE REVIEW ...........................12

CONCLUSION.................................................................................................................13

CERTIFICATE OF SERVICE ..........................................................................................14

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*AVA Acupuncture P.C. v. State Farm Mut. Auto. Ins. Co.*,
   592 F. Supp. 2d 522 (S.D.N.Y. 2008)...................................................7

*BP America, Inc. v. Oklahoma ex rel. Edmondson*,
   613 F.3d 1029 (10th Cir. 2010) .......................................................12

*Carter v. Allstate Ins. Co.*, No. 5:12-CV-72,
   2012 WL 3637239 (N.D. W. Va. Aug. 21, 2012)...................................7, 10

*Coffey v. Freeport McMoran Copper & Gold*,
   581 F.3d 1240 (10th Cir. 2009) .......................................................12

*College of Dental Surgeons of Puerto Rico v. Connecticut General Life Insurance Co.*,
   585 F.3d 33 (1st Cir. 2009)......................................................4, 5, 12

*Eakins v. Pella Corp.*,
   455 F. Supp. 2d 450 (E.D.N.C. 2006)...................................................11

*Evans v. Walter Indus., Inc.*,
   449 F.3d 1159 (11th Cir. 2006) ...................................................1, 7, 8, 9

*Johnson v. Advance Am.*,
   549 F.3d 932 (4th Cir. 2008) ........................................................5, 6

*Kaufman v. Allstate New Jersey Insurance Co.*,
   561 F.3d 144 (3d Cir. 2009).............................................................9

*Laws v. Priority Tr. Servs. of N.C.*, No. 3:08-CV-103,
   2008 WL 3539512 (W.D.N.C. Aug. 11, 2008)............................................8

*Martin v. State Farm Mut. Auto. Ins. Co.*, No. 3:10-0144,
   2010 WL 3259418 (S.D. W. Va. Aug. 18, 2010) ........................................7

*Opelousas Gen. Hosp. Auth. v. Fairpay Solutions, Inc.*,
   655 F.3d 358 (5th Cir. 2011) (per curiam)............................................10

*Sararo v. U.S. Bank Nat'l Ass'n*, No. 2:11-CV-31,
   2012 WL 2369254 (M.D. Fla. Jun. 22, 2012)...........................................11

*Wallace v. Midwest Fin. & Mortg. Servs. Inc.*,
   728 F. Supp. 2d 906 (E.D. Ky. 2010) ...............................................10-11

*Westerfeld v. Independent Processing, LLC*,
   621 F.3d 819 (8th Cir. 2010) .........................................................9

iv

**FEDERAL STATUTES**

28 U.S.C. § 1453(c) ................................................................1, 4, 13

28 U.S.C. § 1332(d)(2) ...............................................................1

**STATE STATUTES**

W. Va. Code § 46A-6-104 ...........................................................3

W. Va. Code § 31-17-8 ..............................................................3

W. Va. Code § 46A-2-121(1) ........................................................3

W. Va. Code § 30-38-12(3) ..........................................................3

W. Va. Code § 30-38-17 .............................................................3

W. Va. Code § 46A-3-109(a) .........................................................3

W. Va. Code § 31-17-8(m)(8).........................................................3

**RULES**

Fed. R. App. P. 8(a)(2)..............................................................4

Fed. R. App. P. 5(a)(1)..............................................................4

**OTHER AUTHORITIES**

S. Rep. 109-14, at 39 (2005) ...................................................1, 8, 11

## PRELIMINARY STATEMENT

Petitioner seeks review, pursuant to 28 U.S.C. § 1453(c), of the order ("Order") of the U.S. District Court for the Northern District of West Virginia ("District Court") remanding Plaintiffs' first amended complaint ("Complaint") to the Circuit Court of Ohio County, West Virginia ("Circuit Court").

Plaintiffs concede that the lawsuit meets the requirements for federal jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). However, their motion to remand this case attempts to take advantage of a jurisdictional loophole that does not exist. Relying solely on the local controversy exception in the Class Action Fairness Act of 2005 ("CAFA"), Plaintiffs argue that this putative class action — aimed squarely and primarily at Quicken Loans Inc. ("Quicken Loans"), a national web-based mortgage company located in Detroit, Michigan, with no physical presence in West Virginia — is a "local" controversy. This very argument was anticipated and rejected by CAFA's authors:

> the local controversy exception is a narrow exception that was carefully drafted to ensure that it does not become a jurisdictional loophole. Thus, the Committee wishes to stress that in assessing whether each of these criteria is satisfied by a particular case, a federal court should bear in mind that the purpose of each of these criteria is to identify a truly local controversy — a controversy that uniquely affects a particular locality to the exclusion of all others.

*Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163-64 (11th Cir. 2006) (quoting S. Rep. 109-14, at 39 (2005), U.S. Code Cong. & Admin. News at 38).

This case does not uniquely affect West Virginia to the exclusion of all other localities. Indeed, the relief sought, which Plaintiffs concede is more than $5 million, is being sought from a *Michigan* company. The local controversy exception does not apply here, and the federal court should retain jurisdiction, consistent with the letter and spirit of CAFA.

1

The District Court ruled that Plaintiffs met their burden under CAFA's local controversy exception of demonstrating that at least one defendant is a defendant from whom the plaintiff class is seeking "significant relief"; and at least one defendant is a defendant whose conduct "forms a significant basis" for the plaintiff class's claims. This ruling was made despite the facts that: (1) the fees attributable to the local defendants, which Plaintiffs seek to recover, come from out-of-state sources and are, in any event, miniscule compared to the total relief Plaintiffs seek — and thus cannot possibly form a "significant" part of the relief sought; and (2) the gravamen of the Complaint is that *Quicken Loans* made allegedly unfair loans to Plaintiffs after seeking appraisals from local defendants, where the very purpose of the appraisal was to support the value of the collateral and provide comfort to *Quicken Loans* as it made the decision to lend the money — it is thus impossible that the local defendant appraisers' conduct formed a "significant basis" for the class's claims insofar as that conduct was intended solely to benefit Quicken Loans.

The terms "significant relief" and "significant basis" are not defined by statute and the Fourth Circuit has not yet interpreted them. The District Court's Order thus presents an important issue of first impression before this Court. The Order, left uncorrected, would undermine Congress's express aims in expanding federal oversight of class action complaints and encourage forum-shopping.

Quicken Loans respectfully requests that this Court grant this Petition and, on appeal, reverse the Order and remand this matter to the District Court for litigation on the merits.

## QUESTION PRESENTED

Did the District Court err in ruling that the plaintiff class is seeking "significant relief" from the local defendants and in ruling that the local defendants' conduct forms a "significant basis" for the plaintiffs' claims such that the local controversy exception to CAFA applies?

## **STATEMENT OF FACTS**

This Petition arises from a first amended complaint filed by Plaintiffs on June 15, 2012, against Quicken Loans Inc., Title Source, Inc., Dewey V. Guida, Appraisals Unlimited, Inc., and Richard Hyett.  Defendants Quicken Loans and Title Source are citizens of Michigan.  Defendants Dewey V. Guida, Appraisals Unlimited, and Richard Hyett are residential real estate appraisers who, upon information and belief, are citizens of West Virginia.

Count One of the Complaint alleges civil conspiracy against all defendants.  Count Two alleges a violation of W. Va. Code § 46A-6-104 (unfair or deceptive acts and practices) against all defendants.  Count Three alleges a violation of the Residential Mortgage Lending Act, W. Va. Code § 31-17-8,  solely against Quicken Loans.  Count Four alleges unconscionable contract, W. Va. Code § 46A-2-121(1), solely against Quicken Loans.  Count Five alleges violations of the Real Estate Appraiser Licensing and Certification Act, W. Va. Code §§ 30-38-12(3) and 30-38-17, against the putative defendant appraiser class.  Count Six alleges unauthorized charges, W. Va. Code § 46A-3-109(a), solely against Quicken Loans.  Count Seven alleges breach of contract solely against Quicken Loans.  Count Eight alleges negligence and negligence per se, in violation of W. Va. Code § 30-38-17, against all defendants.  Count Nine alleges fraud / intentional misrepresentation against all defendants.  Count Ten alleges a violation of W. Va. Code § 31-17-8(m)(8) (illegal loans in excess of fair market value) against all defendants.

As the Court can see, only six of Plaintiffs' counts involve the local defendants in any way and only one seeks relief solely from the local defendants.  Plaintiffs' basis for the claims that pertain to the local defendants is the conclusory allegation that Quicken Loans improperly solicited appraisals from defendant appraisers by providing target appraisal values.  (*See* Complaint (hereinafter "Compl.") at ¶ 13.)  The Complaint seeks, *inter alia*, recovery of the fees

3

charged to Plaintiffs, voiding or modification of the mortgage loans underwritten by Petitioner, injunctive relief, and statutory and punitive damages.

## RELIEF SOUGHT

Because the District Court erred in applying the narrow local controversy exception to CAFA, thus denying jurisdiction under CAFA in contravention of the broad reach intended by Congress, Petitioner seeks an order from this Court reversing that Order and directing the case to proceed in federal court.  Petitioner further seeks a stay of proceedings pending resolution of this Petition and any subsequent proceedings on the merits before this Court.  Fed. R. App. P. 8(a)(2).

## REASONS WHY AN APPEAL IS AUTHORIZED
## BY 28 U.S.C. § 1453(c) AND FED. R. APP. P. 5

Section 28 U.S.C. § 1453(c) provides that "a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not more than 10 days after entry of the order."  Because this Court's review of Petitioner's appeal is discretionary under section 1453(c), this Petition is brought under Federal Rule of Appellate Procedure 5.  Fed. R. App. P. 5(a)(1).  The District Court's Order was entered on October 9, 2012.  A copy of the Order is attached hereto as Exhibit A.  Thus, this Petition, filed October 19, 2012, is timely.

## REASONS WHY THE APPEAL SHOULD BE ALLOWED

The Court should allow an appeal here to resolve the application of the local controversy exception to CAFA.  Although this Court has not yet articulated a rationale for whether to grant a leave for appeal under CAFA, the First Circuit, in *College of Dental Surgeons of Puerto Rico v. Connecticut General Life Insurance Co.*, 585 F.3d 33 (1st Cir. 2009), outlined a number of factors it would consider in deciding whether to grant leave to appeal under CAFA.  That list includes: (1) "the presence of an important CAFA-related question"; (2) whether the question is

4

"unsettled"; (3) "whether the question, at first glance, appears to be either incorrectly decided or at least fairly debatable"; (4) whether the question is likely to recur; (5) "whether the application arises from a decision or order that is sufficiently final to position the case for intelligent review"; and (6) whether "the probable harm to the applicant should an immediate appeal be refused [outweighs] the probable harm to the other parties should an immediate appeal be entertained." *Id*. at 38-39.

Petitioner respectfully suggests that each factor militates in favor of granting permission to appeal.

## I.    PETITIONER'S APPEAL RAISES IMPORTANT AND UNSETTLED QUESTIONS THAT THE DISTRICT COURT DECIDED INCORRECTLY

This Court has not resolved the question presented here: how the terms "significant relief" and "significant basis" should be interpreted in determining whether the local controversy exception to CAFA applies. The District Court, applying precedent from the Third, Eighth, and Eleventh Circuits, ruled that the plaintiff class is seeking "significant relief" from the local defendants and that the local defendants' conduct forms a "significant basis" for the plaintiffs' claims such that the local controversy exception to CAFA applies. This issue was incorrectly decided.

### A.    The District Court Subverted The Purpose of CAFA

As this Court has stated:

> Congress enacted CAFA in 2005 to address abuses of the class action device. Such abuses, it found, had the effect of, among other things, "undermin[ing] . . . the concept of diversity jurisdiction . . . in that State and local courts are:

> (A) keeping cases of national importance out of Federal court;

> (B) sometimes acting in ways that demonstrate bias against out-of-State defendants; and

(C) making judgments that impose their view of the law on other States and bind the rights of the residents of those States."

CAFA § 2(a)(4), Pub. L. No. 109-2, 119 Stat. 4, 5 (2005), 28 U.S.C. § 1711 note. In light of these findings, Congress enacted CAFA to "restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction." CAFA § 2(b)(2). CAFA amended, among other things, the concept of diversity jurisdiction for class actions to require only minimal diversity, 28 U.S.C. § 1332(d)(2). It also liberalized the requirements for removing class actions to federal courts, 28 U.S.C. § 1453(b).

> Specifically, as relevant to this appeal, the diversity requirements were amended to confer jurisdiction on district courts over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

*Johnson v. Advance Am.*, 549 F.3d 932, 935 (4th Cir. 2008). As noted above, there is no dispute that Defendants have successfully established the CAFA requirements. (*See* Order at 6-7.)

Thus, the only dispute is over the application of the local controversy exception — a narrow exception that this Court has yet to interpret.

### B.  The District Court Improperly Considered Evidence Included With Plaintiffs' Reply Brief

As an initial matter, although this Court has not yet opined on the showing a plaintiff must make in attempting to demonstrate the application of CAFA's local controversy exception, the District Court ignored this Court's guidance that a plaintiff seeking remand pursuant to a CAFA exception has the burden of persuasion, *see Johnson*, 549 F.3d at 934-35, overlooked the bare bones nature of the remand motion submitted by Plaintiffs and considered evidence submitted with Plaintiffs' reply brief (*see* Order at 9-10) — foreclosing Petitioner's ability to challenge that evidence.

Petitioner respectfully avers that this Court should offer guidance on the information a plaintiff must submit in a remand motion in order to adequately support a finding of "significant relief" and "significant basis."  *See, e.g.*, *Martin v. State Farm Mut. Auto. Ins. Co.*, No. 3:10-0144, 2010 WL 3259418, *7 (S.D. W. Va. Aug. 18, 2010) (denying remand in part because plaintiffs did not submit "the information or evidence necessary to conduct the comparative analysis required under the significant relief test"); *Carter v. Allstate Ins. Co.*, No. 5:12-CV-72, 2012 WL 3637239, *9 (N.D. W. Va. Aug. 21, 2012) (denying remand, in part, because plaintiff did not provide the court "with the information necessary to measure the relief sought against [the local defendant] against the total relief sought"); *Evans*, 449 F.3d at 1167 (holding that the allegations in the complaint and an attorney affidavit did not provide any enlightenment with respect to the significance of the relief sought against the local defendant or its comparative significance relative to the relief sought from the other named co-defendants); *AVA Acupuncture P.C. v. State Farm Mut. Auto. Ins. Co.*, 592 F. Supp. 2d 522, 532 (S.D.N.Y. 2008) (denying remand, in part, because plaintiffs did not offer any evidence from which the court could compare the significance of the relief sought from local defendant against the relief sought from the out-of-state defendant).

### C.    The District Court, Applying Eleventh Circuit Precedent, Improperly Undervalued The Local Defendant's Ability To Pay In Determining "Significant Relief"

The District Court undertook a "comparative analysis," following precedent from *Evans v. Walter Industries*, with regard to making a determination of whether "the relief sought against the defendant is a significant portion of the entire relief sought."  (*See* Order at 8 (quoting *Evans*, 449 F.3d at 1167).)  According to *Evans*, this analysis "includes not only an assessment of how many members of the class were harmed by the defendant's actions, but also a comparison of the

relief sought between all defendants and each defendant's ability to pay a potential judgment." *Evans*, 449 F.3d at 1167.

This Court should grant review and determine whether this Eleventh Circuit analysis is appropriate for district courts within the Fourth Circuit to be applying to this question. To the extent that it is, in the instant case, the District Court improperly undervalued the defendant's "ability to pay." Petitioner stated and put forth evidence that: (1) local defendant Appraisals Unlimited, Inc. filed articles of dissolution on May 18, 2012, and ceased to exist as a going concern, (*see* Order at 10); (2) local defendant Dewey V. Guida filed a bankruptcy petition on March 3, 2011, (*see id.*); and (3) an out-of-state insurance company was funding the cost of local defendant Richard Hyett's defense and cost of judgment. *See, e.g.*, *Laws v. Priority Tr. Servs. of N.C.*, No. 3:08-CV-103, 2008 WL 3539512 (W.D.N.C. Aug. 11, 2008) (ruling that because local defendant had no assets, plaintiffs could not meet "significant relief" requirement because all monetary relief would be sought from out-of-state defendant).

In effect conceding that any recovery would come from out-of-state defendants or out-of-state insurance companies, the District Court nevertheless concluded that Plaintiffs were able to satisfy the "significant relief" requirement of the local controversy exception. This was wrong. This Court should accept the instant Petition and clarify for the parties that if all "monetary relief" is to come from out-of-state, then CAFA's "significant relief" requirement is not satisfied. *Cf.* S. Rep. No. 109-14 at 40 (CAFA's Committee Report providing an example of an out-of-state insurance company and local agents of that company and stating that "[o]bviously, from a relief standpoint, the real demand of the full class in terms of seeking significant relief would be on the insurance company itself")Interpreting "significant relief" otherwise contravenes Congress's

intention of having the local controversy provision be a "narrow exception." *Evans*, 449 F.3d at 1163-64 (quoting S. Rep. 109-14, at 39 (2005), U.S. Code Cong. & Admin. News at 38).

    **D.**    **The District Court, Applying Third and Eighth Circuit Precedent, Erred In Ruling That The Alleged Conduct Of A Peripheral Defendant Could Form a "Significant Basis" For All The Claims Asserted In The Action**

       As noted by the District Court, the Fourth Circuit has yet to interpret the term "significant basis." (*See* Order at 11.) The District Court based its ruling on opinions from the Third (*Kaufman v. Allstate New Jersey Insurance Co.*, 561 F.3d 144 (3d Cir. 2009)) and Eighth Circuits (*Westerfeld v. Independent Processing, LLC*, 621 F.3d 819 (8th Cir. 2010)). The criteria the District Court used to make its determination were as follows: (1) the relative importance of each of the claims to the action; (2) the nature of the claims and issues raised against the local defendant; (3) the nature of the claims and issues raised against all defendants; (4) the number of claims that rely on the local defendant's alleged conduct; (5) the number of claims asserted; (6) the identity of the defendants; (7) whether the defendants are related; (8) the number of members of the putative classes asserting claims that rely on the local defendant's alleged conduct; and (9) the approximate number of members in the putative classes. (*See* Order at 11.) As above, and as an initial matter, Petitioner respectfully requests that this Court opine on the appropriate factors that district courts within the Fourth Circuit should consider in making a "significant basis" determination.

       Moreover, and to the extent that the criteria used were appropriate, the District Court erred by not requiring Plaintiffs to put forth evidence in order to meet their burden of persuasion. As argued below, Plaintiffs provided no information or evidence to enable the District Court to engage in a meaningful comparative inquiry. Plaintiffs merely alleged that "[e]ach Defendant's participation in the origination of Quicken mortgage loans is essential to the enterprise." (*See* 1st

Am. Compl. ¶ 1.)  This conclusory and self-serving assertion was insufficient.  *See Evans*, 449 F.3d at 1167 n.7 (noting that even if joint and several liability attaches to all defendants, "the mere fact that relief might be sought against [the local defendant] for the conduct of others (via joint liability) does not convert the conduct of others into conduct of [local defendant] so as to also satisfy the 'significant basis' requirement"); *Opelousas Gen. Hosp. Auth. v. Fairpay Solutions, Inc.*, 655 F.3d 358, 363 (5th Cir. 2011) (per curiam) (holding that plaintiff could not rely on its claims of a conspiracy "to fill the gaps in proof it is required to provide to establish that [local defendant]'s conduct forms a significant basis for the claims asserted by the proposed plaintiff class").

The District Court also erred in making its determination of "significant basis" by incorrectly ruling that the conduct of the defendant appraisers was not peripheral because the conduct "serves as the basis of each loan and claim."  (*See* Order at 14.)  The District Court appears to invent a "but-for" connection between the conduct of the appraisers and the origination of the loan.  (*See id.*)  However, there is no such connection — a point made glaringly clear in the District Court's attempt to distinguish its own ruling in *Carter v. Allstate Ins. Co.*  The District Court distinguished *Carter*, in which the court denied remand, because "the class of defendant appraisers had more than limited contact with the members of the plaintiff class."  (*See* Order at 14-15 n.11.)

In fact the appraisers had *almost no* contact with Plaintiffs.  In many cases, appraisers perform their tasks with little or no contact with the prospective borrowers.  It is precisely because the appraisals are intended for the benefit of the *lenders*, in order to provide an opinion of value in support of the collateral that borrowers rarely, if ever, have meaningful contact with appraisers or the appraisal — irrespective of any language on the appraisals themselves, (*see*

Order at 13 n.10).  *See, e.g.*, *Wallace v. Midwest Fin. & Mortg. Servs. Inc.*, 728 F. Supp. 2d 906,

913 (E.D. Ky. 2010) ("In a refinance transaction, the appraisal is performed primarily for the

benefit of the lender.  The appraised value of the property helps the lender to determine the

maximum amount of credit it can safely lend, and ensures that any loan transaction entered into

is adequately collateralized.  In this context, a falsely inflated appraisal harms only the lender:  if

the loan based on the false appraisal is foreclosed, the lender is left with an asset that is worth

less than the amount loaned to the borrower.  No harm flows from the fraudulent appraisal to the

borrower."); *Sararo v. U.S. Bank Nat'l Ass'n*, No. 2:11-CV-31, 2012 WL 2369254, *1 (M.D. Fla.

Jun. 22, 2012) (noting that appraisals are normally made for the benefit of the lender, not the

borrower, and stating that borrowers are entitled to obtain their own appraisals if they have any

question about the value of the property).  Moreover, the appraisal is only one of many factors —

including, *inter alia*, borrowers' credit scores and income and the requested amount to be

borrowed, etc. — that underwriters consider when determining whether to make a loan.

Additionally, it is notable that Plaintiffs' proposed class fails to mention any of the

defendant appraisers.  The proposed class is defined as:

> All West Virginia citizens at the time of the filing of this action who, within the
> applicable statute of limitations preceding the filing of this action through the date
> of class certification, obtained mortgage loans from Defendant Quicken, and (a)
> were provided unsigned loan documents at closing, (b) were assessed loan
> discount, courier, or notary fees, or (d) [*sic*] for whom Quicken obtained
> appraisals through an appraisal request form that included an estimate of value of
> the subject property.

(*See* 1st Am. Compl. ¶ 77.)  It is evident from the plain language of Plaintiffs' First Amended

Complaint and their proposed class definition that Petitioner is the real target and that the

defendant appraisers are merely "peripheral."  *See Eakins v. Pella Corp.*, 455 F. Supp. 2d 450,

452 (E.D.N.C. 2006) (quoting S. Rep. No. 109-14 and noting that the local defendant must be a

"primary focus of plaintiffs' claims, not just a peripheral defendant").

11

## II.    THE REMAINING FACTORS FAVOR APPELLATE REVIEW

Each of the factors outlined in *College of Dental Surgeons*, 585 F.3d at 38-39, favors appellate review of the Order.  As noted above, this case presents important and unsettled CAFA-related questions that, at first glance, appear to be either incorrectly decided or at least fairly debatable.  *See id.*  Moreover, "[t]he district courts of this circuit are likely to encounter these questions in future cases and will benefit from the development of a body of law on them." *BP Am., Inc. v. Okla. ex rel. Edmondson*, 613 F.3d 1029, 1035 (10th Cir. 2010) (citing *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1247 (10th Cir. 2009) (noting that the "the purpose of § 1453(c)(1) is to develop a body of appellate law interpreting CAFA" (brackets and quotation marks omitted))).

As stated by the Tenth Circuit in a decision granting review of a remand order: "Under the district court's remand order . . . this case promises to leave the ambit of the federal courts for good, precluding any other opportunity for [petitioner] to vindicate its claimed legal entitlement — purportedly granted by Congress — to have a federal tribunal adjudicate the merits."  *BP America*, 613 F.3d at 1035.  Precisely the same harm would befall Petitioner in the instant case.

Finally, the Order is sufficiently final to position the case for intelligent review.  The District Court did not order additional briefing or discovery in making its determinations and the same information in front of the District Court would be in front of this Court as well.  Finally, as stated by the *BP America* court, "[t]hough any additional process carries the cost of some delay that cannot be ignored, this case remains in its nascent stages; no discovery has been taken; and, as of yet, there appear to be no ongoing proceedings in the [] state courts with which we might interfere.  The delay imposed by our review, thus, is not at the cost of grinding to a halt a case already much developed or busily advancing elsewhere."  *BP Am.*, 613 F.3d at 1035.

12

Exactly the same circumstances are present in the instant case and the balance of harms weighs

in favor of appellate review of the question presented.  Without an immediate appeal to this

Court, Petitioner will have to defend the lawsuit in state court, contrary to both the preference

expressed by Petitioner in removing the case and to Congress's preference in CAFA in

expanding federal jurisdictional reach over class action complaints.  This case is in its infancy —

no discovery has been taken, no proceedings have initiated in state court, and the Complaint

raises no urgent issues requiring immediate court resolution.

## **<u>CONCLUSION</u>**

This Court should grant the petition for permission to appeal the District Court's remand

Order under section 1453(c) and order merits briefing on the question presented.  In the

meantime, the Court should stay all District Court and State Court proceedings pending its

resolution of this petition and any subsequent appellate consideration of the question presented.


**Dated:** October 19, 2012                                    Respectfully submitted,

                                                               /s/ Carte P. Goodwin_____
                                                               Carte P. Goodwin
                                                               GOODWIN & GOODWIN, LLP
                                                               300 Summers Street, Suite 1500
                                                               Charleston, WV 25301
                                                               Tel: (304) 346-7000
                                                               Fax: (304) 344-9692
                                                               cpg@goodwingoodwin.com

                                                               ATTORNEYS FOR PETITIONER
                                                               QUICKEN LOANS INC.

## <u>CERTIFICATE OF SERVICE</u>

I, Carte P. Goodwin, an attorney, do hereby certify that I served a true and correct copy of the foregoing Petition for Permission to Appeal Under 28 U.S.C. § 1453(c) And Request For Stay Under Fed. R. App. P. 8(A) upon the following counsel of record via mail delivery on October 19, 2012:

James G. Bordas, Jr., Esq.
Jason E. Causey, Esq.
Bordas & Bordas, PLLC
1358 National Road
Wheeling, WV 26003

John W. Barrett, Esq.
Jonathan R. Marshall, Esq.
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV 25301
Tel: (304) 345-6555

*Counsel for Plaintiffs*

Daniel J. Guida, Esq.
3374 Main Street
Weirton, WV 26062
*Counsel for Appraisals Unlimited,
Incorporated and Dewey V. Guida*

Karen E. Kahle, Esq.
Amy M. Smith, Esq.
Carlie M. Parker
Steptoe & Johnson
P.O. Box 751
Wheeling, WV 26003-0751
Tel: (304) 233-0000
*Counsel for Richard Hyett*


/s/ Carte P. Goodwin
Carte P. Goodwin

*Counsel for Petitioner Quicken Loans Inc.*

14

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**PHILLIP ALIG, SARA J. ALIG,
ROXANNE SHEA, and
DANIEL V. SHEA,** *individually and on
behalf of a class of persons,*

          Plaintiffs,

**v.**                              **Civil Action No. 5:12-CV-115
(BAILEY)**

**QUICKEN LOANS, INC.,
TITLE SOURCE, INC.,** *doing business as*
**TITLE SOURCE INC. OF WEST VIRGINIA, INCORPORATED,
DEWEY V. GUIDA,
APPRAISALS UNLIMITED, INC., and
RICHARD HYETT,**

          Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFFS' MOTION TO REMAND

Pending before this Court is Plaintiffs' Motion to Remand [Doc. 8], filed on August 21, 2012. Defendant Quicken Loans, Inc., filed its Response in Opposition to Plaintiffs' Motion to Remand [Doc. 11] on September 4, 2012. On the same day, defendant Richard Hyett filed his Response to Motion to Remand [Doc. 12]. Defendants Dewey V. Guida and Appraisals Unlimited, Inc., filed their Response to Motion to Remand [Doc. 13] on September 7, 2012. Title Source, Inc., *d/b/a* Title Source Inc. Of West Virginia, Incorporated, did not file a response to the Motion to Remand. Plaintiffs filed their Reply Memorandum in Further Support of Their Motion to Remand [Doc. 14] on September 12, 2012. This Court, having reviewed the motion and the memoranda submitted with regard thereto, finds that Plaintiffs' Motion to Remand [Doc. 8] should be **GRANTED** for the

following reasons.

## I. Background

On December 27, 2011, the plaintiffs filed a lawsuit in the Circuit Court of Ohio County, West Virginia, on behalf of themselves as well as a proposed class of West Virginians; on June 21, 2012, the plaintiffs filed an Amended First Complaint in the state proceeding [Doc. 1-1 at 5-25]. The proposed plaintiff class was tentatively defined as the following:

> All West Virginia citizens at the time of the filing of this action who, within the applicable statute of limitations preceding the filing of this action through the date of class certification, obtained mortgage loans from Defendant Quicken [Loans, Inc.], and (a) were provided unsigned loan documents at closing, (b) were assessed loan discount, courier, or notary fees, or (d) [*sic*] for whom Quicken [Loans, Inc.,] obtained appraisals through an appraisal request form that included an estimate of value of the subject property.

[*Id.* at 15-16].

The lawsuit was brought against Quicken Loans, Inc. ("Quicken"), Title Source, Inc., *d/b/a* Title Source Inc. of West Virginia, Incorporated ("Title Source"), and a class of defendant appraisers, represented by Appraisals Unlimited, Inc., Dewey V. Guida, and Richard Hyett [*Id.* at 5-6]. The proposed class of defendant appraisers was defined by the plaintiffs as the following:

> All real estate appraisers who are citizens of the State of West Virginia at the time of the filing of this action and who performed appraisals in connection with home-secured loans [i]n West Virginia on behalf of Quicken after

2

receiving an appraisal request form with an estimate of value on it.

[*Id.* at 16].

    In the First Amended Complaint, the plaintiffs bring eight causes of actions against

the defendants on behalf of themselves and the proposed class [*See id.* at 17-21].   In

addition, the plaintiffs bring two causes of action against the defendants on behalf of only

themselves [*Id.* at 21-23].[1]

    On July 23, 2012, defendant Quicken filed a Notice of Removal [Doc. 1] with this

Court. In the Notice of Removal, defendant Quicken stated that this Court has jurisdiction

pursuant to 28 U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005

("CAFA")) [*Id.* at 1].   On August 21, 2012, the plaintiffs filed their Motion to Remand [Doc.

10].   In the motion to remand, plaintiffs concede that the lawsuit meets the requirements

---

[1]The plaintiffs raise the following claims on behalf of themselves and the proposed
plaintiff class against all the defendants:  (1) civil conspiracy [*Id.* at 17 (Count One)]; (2)
unfair or deceptive acts or practices in violation of the West Virginia Consumer Credit and
Protection Act under West Virginia Code Section 46A-6-104 [*Id.* at 17-18 (Count Two)]; and
(3) negligence and negligence per se [*Id.* at 21 (Count Eight)].  In addition, the plaintiffs
bring the following claims against all the defendants on behalf of only the named plaintiffs:
(1) fraud and intentional misrepresentation [*Id.* at 21-22 (Count Nine)]; and (2) illegal loans
in excess of fair market value in violation of the West Virginia Residential Mortgage Lender,
Broker and Servicer Act under West Virginia Code Section 31-17-8(m) [*Id.* at 23 (Count
Ten)].

    The plaintiffs raise the following claims on behalf of themselves and the proposed
plaintiff class against defendant Quicken Loans, Inc.:  (1) violation of the West Virginia
Residential Mortgage Lender, Broker and Servicer Act under West Virginia Code Section
31-7-8 [*Id.* at 18 (Count Three)]; (2) inducement into an unconscionable contract in violation
of the West Virginia Consumer Credit and Protection Act under West Virginia Code Section
46A-6-104 [*Id.* (Count Four)]; (3) unauthorized charges in violation of the West Virginia
Consumer Credit and Protection Act under West Virginia Code Sections 46A-3-109(a),
46A-1-102(7), and 46A-1-102(28) [*Id.* at 19-20 (Count Six)]; and (4) breach of contract [*Id.*
at 20-21 (Count Seven)].  Against the class of defendant appraisers, the plaintiffs raise the
following claim on behalf of themselves and the proposed plaintiff class:  (1) violations of
the Real Estate Appraiser Licensing & Certification Act under West Virginia Code Sections
30-38-12(3) and 30-38-17 [*Id.* at 19 (Count Five)].

for federal jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) [Doc. 8-1 at 5]. However, plaintiffs state that (1) all of the proposed plaintiff class members are citizens of West Virginia [*Id.* at 6-7]; (2) the class of defendant appraisers consists of West Virginia citizens whose conduct forms a significant basis for the class claims and from whom the plaintiffs seek significant relief [*Id.* at 7-9]; (3) the principal injuries to the proposed plaintiff class were incurred in West Virginia [*Id.* at 9]; and (4) no other similar class actions have been filed in the previous three years [*Id.*]. As such, the plaintiffs argue that the action falls under the "local controversy" exception to CAFA, thereby precluding federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(4)(A) [*Id.* at 1]. Furthermore, the plaintiffs argue that remand is mandatory [*Id.* at 6, citing ***Martin v. State Farm Mutual Auto Ins. Co.***, 2010 U.S. Dist. LEXIS 84903, at *9 (S.D. W.Va. Aug. 18, 2010); and 28 U.S.C. § 1332(d)(4)(A)].

Defendant Quicken argues that the plaintiffs are seeking relief mainly from it, a Michigan company [Doc. 11 at 2]. As such, defendant Quicken argues that the "local controversy" exception should not apply to this case [*Id.*]. In particular, Quicken argues that there is no West Virginia citizen defendant from whom the plaintiffs seek significant relief and whose conduct forms a significant basis for the plaintiffs' lawsuit [*Id.* at 3-4]. In his response, defendant Hyett states that he opposes the plaintiffs' motion to remand and joins in defendant Quicken's, response [Doc. 12]. In their response, defendants Dewey V. Guida and Appraisals Unlimited, Inc., also state that they oppose the motion to remand and join in defendant Quicken's, response [Doc. 13]. Defendant Title Source filed no response to the plaintiffs' Motion to Remand.

## II. Applicable Standard

Pursuant to 28 U.S.C. § 1332(d), a district court has jurisdiction over certain class action lawsuits. "CAFA authorizes the removal of any civil action which is a class action in which (1) 'the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs,' 28 U.S.C. § 1332(d)(2); (2) 'any member of a class of plaintiffs is a citizen of a State different from any defendant,' *id.* § 1332(d)(2)(A); and (3) there are 100 or more plaintiff class members, id. § 1332(d)(5)(B)." ***West Virginia ex rel. McGraw v. CVS Pharm., Inc.***, 646 F.3d 169, 174 (4th Cir. 2011).[2] The removing party must prove these three elements by a preponderance of the evidence. *See **Johnson v. Advance Am.***, 549 F.3d 932, 935 (4th Cir. 2008).

In the event these three elements are satisfied, CAFA requires that "[a] district court shall decline to exercise jurisdiction" over a class action law suit that meets the following conditions: (1) more than two-thirds of the members of the proposed class are citizens of the State in which the lawsuit was originally filed; (2) at least one defendant (a) is a defendant from whom the plaintiff class is seeking significant relief, (b) is a defendant whose conduct "forms a significant basis" for the plaintiff class's claims, and (c) is a citizen of the State in which the action was originally filed; (3) the principal injuries stemming from the conduct alleged in the complaint occurred in the State in which the action was originally filed; and (4) in the three years preceding the complaint, no other similar class action was

---

[2] CAFA "defines 'class action' to mean any civil action filed under rule 23 of the Federal Rules of Civil procedure or *similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action.*' *Id.* § 1332(d)(1)(B)." ***McGraw***, 646 F.3d at 174 (emphasis in original). West Virginia Civil Rule of Procedure 23 satisfies the emphasized "similarity" requirement. *See **id.***

filed against any of the defendants on behalf of the same or other class. 28 U.S.C.

§ 1332(d)(4)(A). This is commonly known as the "local controversy" exception. *See*

***Eakins v. Pella Corp.***, 455 F.Supp.2d 450, 451 (E.D. N.C. 2006). A plaintiff seeking

remand pursuant to a CAFA exception must prove by a preponderance of the evidence that

the particular exception applies. *See **Johnson***, 549 F.3d at 934-935.

Finally, 28 U.S.C. § 1453(b) "eliminates at least three of the traditional limitations on

removal: (1) the rule that, in a diversity case, a defendant cannot remove a case from its

home forum, § 1441(b); (2) the rule that a defendant cannot remove a diversity case once

it has been pending in state court for more than a year, § 1446(b); and (3) the rule that all

defendants must consent to removal . . .." ***Palisades Collections LLC v. Shorts***, 552

F.3d 327, 331 (4th Cir. 2008) (internal citations omitted).

### III. Discussion

Before addressing whether the local controversy exception applies to this

proceeding, this Court must determine whether it has jurisdiction over this proceeding

pursuant to CAFA. This Court first finds that the $5,000,000 amount in controversy has

been established.[3] Next, this Court notes that the minimum diversity requirement has been

met because the plaintiffs are West Virginia citizens and defendant Quicken is a citizen of

---

[3]Between January 1, 2012, and June 17, 2012, defendant Quicken originated 660
loans in West Virginia to more than 600 different West Virginia borrowers [Doc. 1-2 at 3].
Of those 660 loans, 192 included courier fees; these 192 loans totaled $28,024,196 [*Id.*].
As such, because that total is limited to a mere subset of the entire plaintiff class, this Court
has no problem finding that the amount in controversy requirement has been established
by the removing party.

Michigan.[4]  Finally, this Court finds that the third requirement has been met because there are 100 or more members of the plaintiff class.[5]  Furthermore, this Court notes that the parties do not dispute that all three CAFA requirements have been established in this case [Doc. 1 at 4-10; Doc. 8-1 at 5].

Having determined that it has jurisdiction of this proceeding pursuant to CAFA, this Court must next address whether it is required to refrain from exercising jurisdiction under the local controversy exception.  The plaintiffs argue that the local controversy exception applies in this proceeding, requiring this Court to decline to exercise jurisdiction pursuant to CAFA.  The parties agree that the proposed plaintiff class meets the first element that more than two-thirds of the members of the proposed class are citizens of the State in which the lawsuit was originally filed [Doc. 8-1 at 6-7; Doc. 11 at 3; Doc. 12 at 1; and Doc. 13 at 1]; in fact, the proposed plaintiff class consists of only West Virginia citizens [*See* Doc. 1-1 at 15] and, therefore, does indeed meet the first requirement.  In addition, the parties agree that the third element has been met in this case [Doc. 8-1 at 9; Doc. 11 at 3; Doc. 12 at 1; and Doc. 13 at 1]; this Court agrees because, based upon the proposed plaintiff class, the loans at issue all occurred in West Virginia and were obtained by West Virginia citizens [*See* Doc. 1-1 at 15-16]  Finally, the parties agree that the fourth element has been established because no other similar class actions have been filed in the previous

---

[4]Quicken is incorporated under the laws of the state of Michigan; in addition, its principal place of business is in the state of Michigan [*See* Doc. 1 at 5].

[5]Between January 1, 2012, and July 17, 2012, Quicken originated 660 loans in West Virginia to more than 600 different borrowers.  From these 660 loans, 391 loans included courier fees and 192 loans included discount fees.  *See* Doc. 1 at 6 and Doc. 1-2 at 3.

three years [Doc. 8-1 at 9; Doc. 11 at 3; Doc. 12 at 1; and Doc. 13 at 1]; this Court agrees.[6]

As such, the only element of this exception in dispute is the second element—whether the class of defendant appraisers qualifies as a significant local defendant. In other words, plaintiffs must establish by a preponderance of the evidence that the class of defendant appraisers is a local defendant from whom significant relief is sought and whose alleged conduct forms a significant basis of the class claims asserted. As explained below, this Court concludes that plaintiffs have made this showing.

### A. Significant Relief

The term "significant relief" is ambiguous and has yet to be interpreted by the Fourth Circuit Court of Appeals ("Fourth Circuit"). Although the Fourth Circuit has not interpreted the phrase "significant relief," the Eleventh Circuit Court of Appeals ("Eleventh Circuit") has held that "a class seeks 'significant relief' against a defendant when the relief sought against the defendant is a significant portion of the entire relief sought." *Evans v. Walter Indus.*, 449 F.3d 1159, 1167 (11th Cir. 2006) (citation omitted). The court in *Evans* further explained that the significant relief test requires a comparative analysis that "includes not

---

[6]On April 3, 2012, a class action case regarding credit scores was filed against Quicken with this Court [Case Number 3:12-CV-24 Doc. 1]. On May 1, 2012, a class action case regarding credit scores was filed against Quicken in the United States District Court for the Southern District of West Virginia [United States District Court for the Southern District of West Virginia Case Number 2:12-CV-1353 Doc. 1]. These two cases do not assert the same or similar factual allegations against any of the defendants. Although a similar case was filed with this Court [Case Number 5:12-CV-115], this Court notes that the case was filed with the Circuit Court of Ohio County, West Virginia, on the same day as this proceeding and, therefore, did not precede this proceeding. *See* 28 U.S.C. § 1332(d)(4)(A)(ii) ("during the 3-year period *preceding* the filing of [the] class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons") (*emphasis added*). In addition, the two cases were removed from the circuit court to this Court on the same day.

only an assessment of how many members of the class were harmed by the defendant's actions, but also a comparison of the relief sought between all defendants and each defendant's ability to pay a potential judgment." *Id.* (citation omitted). This Court has applied the Eleventh Circuit's standard in a recent decision pertaining to the local controversy exception. *See Carter v. Allstate Ins. Co.*, 2012 WL 3637239, *9 (N.D.W.Va. Aug. 21, 2012).[7]

First, under a comparative analysis regarding harm, this Court notes that the loans at issue were obtained through the alleged false appraisals provided by the class of defendant appraisers. As such, although this Court does not have an exact number of members of the class who were harmed by the defendant's actions, the standard practices alleged in the First Amended Complaint began with the appraisals obtained from the class of defendant appraisers. Accordingly, this Court finds that this factor does weigh in favor of finding that the plaintiffs are seeking significant relief from the class of defendant appraisers.

Next, under the comparative analysis regarding relief sought from the defendants, the defendants argue that the "[p]laintiffs failed to submit any evidence or assessment of the value of the relief they are seeking" [Doc. 11 at 4; Doc. 12; and Doc. 13]. However, in support of the plaintiffs' claim that they are seeking significant relief from the class of defendant appraisers, counsel for the plaintiffs submitted a declaration providing examples

---

[7]This Court notes that the outcome in *Carter* was different in part because the alleged local defendant was an officer of a foreign corporation that was also a defendant in the proceeding; as such, the intra-corporate conspiracy doctrine precluded a finding of the significant relief requirement with regard to the corporate officer. 2012 WL 3637239 at *9.

of relief obtained in cases involving an appraiser defendant and a lender defendant [Doc. 14-8 at 2]. The plaintiffs argue that these examples demonstrate that the "appraisers ma[de] significant contributions to the overall settlements" of those cases and demonstrate that the plaintiffs are seeking significant relief from the appraisers in this case [*Id.* at 2-3]. This Court agrees. Mr. Causey's declaration lists recovery from the appraisers in the sample cases ranging from $35,000 to $500,000 and from 23% to 87% of the total recovery [*Id.* at 3]. As such, this Court finds that this factor again weighs in favor of finding that the plaintiffs are seeking significant relief from the class of defendant appraisers.

Finally, with regard to the comparative analysis regarding each defendant's ability to pay relief, the defendants argue that the representative defendants are not likely to satisfy a judgment [Doc. 11 at 6; Doc. 12; and Doc. 13]. The defendants state that (1) Appraisals Unlimited, Inc., filed articles of dissolution on May 18, 2012 [Doc. 11-1], (2) Dewey V. Guida filed a bankruptcy petition on March 3, 2011 [Doc. 11-2], and (3) an Ohio insurance company is funding the Richard Hyett's defense and cost of judgment [Doc. 11-3]. The defendants argue that, as such, there is no evidence that significant relief will come from these named representatives of the class of defendant appraisers [Doc. 11 at 6; Doc. 12; and Doc. 13, citing *Laws v. Priority Tr. Servs. Of N.C.*, 2008 WL 3539512 (W.D.N.C. Aug. 11, 2008) (ruling that because local defendant had no assets, plaintiffs could not meet "significant relief" requirement because all monetary relief would be sought from out-of-state defendant)]. The plaintiffs reply that the Guida bankruptcy petition was dismissed [Doc. 14-10] and that they "reasonably anticipate that relief will be obtained from . . . insurers" with regard to other individual appraiser defendants [Doc. 14 at 13]. Even if insurers were not a sufficient basis to find that this factor weighs in favor of the significant

10

relief requirement, the other two factors do weigh in favor of such a finding. Accordingly, the various comparative analyses lead this Court to conclude that the significant relief requirement has been met in this case.

### B. Significant Basis

The term "significant basis" has yet to be interpreted by the Fourth Circuit. The Third Circuit Court of Appeals ("Third Circuit") has held that this component of the local controversy exception requires that there be "at least one local defendant whose alleged conduct forms a significant basis for *all* the claims asserted in the action." **Kaufman v. Allstate New Jersey Ins. Co.**, 561 F.3d 144, 155 (3d Cir. 2009) (emphasis added). In addition, the Third Circuit has stated that "[t]he local defendant's alleged conduct must be an important ground for the asserted claims in view of the alleged conduct of all the [d]efendants." **Id.** at 157. The Eighth Circuit Court of Appeals ("Eighth Circuit") has adopted the same approach. **Westerfeld v. Independent Processing, LLC**, 621 F.3d 819, 825 (8th Cir. 2010) (quoting **Kaufman**, 561 F.3d at 157). In addition, this Court has utilized this approach in a recent decision pertaining to the local controversy exception. *See Carter*, 2012 WL 3637239 at *10.

Under the analysis for this element, a court can consider various factors, such as the following:

(1) the relative importance of each of the claims to the action; (2) the nature of the claims and issues raised against the local defendant; (3) the nature of the claims and issues raised against all the [d]efendants; (4) the number of claims that rely on the local defendant's alleged conduct; (5) the number of

11

claims asserted; (6) the identity of the [d]efendants; (7) whether the [d]efendants are related; (8) the number of members of the [proposed] class[ ] asserting claims that rely on the local defendant's alleged conduct; and (9) the approximate number of members in the [proposed] class.

*Kaufman*, 561 F.3d at 157 n.13 (listing examples of factors to be considered by the district court on remand in preparing an analysis of the local and non-local defendants' alleged conduct).

Upon a review of the relevant factors, this Court determines that the plaintiffs have established that the alleged conduct of the class of defendant appraisers forms a significant basis of the alleged claims in this proceeding. First, this Court notes that the loans at issue in this proceeding were obtained based upon the allegedly false appraisals.[8] As such, the factors pertaining to the importance and nature of the claims support a finding that the significant basis requirement has been met in this proceeding. Although the defendants argue that neither joint and several liability nor a theory of conspiracy is sufficient to establish the significant basis requirement [Doc. 11 at 7],[9] this Court does not reach its conclusion merely on the alleged enterprise among the defendants. Instead, this Court

---

[8]In their First Amended Complaint, the plaintiffs allege that it was Quicken's standard practice to obtain appraisals from the class of defendant appraisers based upon an estimated value [Doc. 1-1 at 8]. The plaintiffs further allege that "[a]fter . . . obtain[ing] an appraisal value sufficient to sustain the loan," Quicken's standard practice was to charge certain "unlawful and excessive fees" for the loan and to provide unsigned copies of the loan documents at the closing [*Id.* at 9-10]. Based upon these allegations, the plaintiffs argue that the alleged conduct of the class of defendant appraisers forms a significant basis of the claims asserted in this proceeding [Doc. 8-1 at 7-9; Doc. 14 at 8-11].

[9]This argument was made in response to the plaintiffs' statement that each defendant's conduct formed an essential role in the alleged enterprise [Doc. 8-1 at 8-9; Doc. 14 at 8-9].

finds that the alleged conduct of the class of defendant appraisers plays a vital and

necessary role in the alleged enterprise because the loans were obtained through the

allegedly false appraisals.[10]

Next, this Court notes that the factors pertaining to the number of claims supports

the same conclusion regarding the significant basis requirement.  Defendants argue that

the fact that four of the ten counts contained in the First Amended Complaint do not pertain

to the class of defendant appraisers indicates that the alleged conduct of the class of

defendant appraisers does not form a significant basis of the lawsuit [Doc. 11 at 9; Doc. 12;

and Doc. 13].  The plaintiffs reply that, although four of the counts were not filed against the

class of defendant appraisers, those claims are still based upon the alleged conduct of the

defendant appraisers class in that the loans were entered into based upon the appraisals

[Doc. 14 at 9].  Moreover, two of those claims directly refer to the false appraisals [Doc. 1-1

at 18, and 20-21].  This Court concludes that the majority of the counts contained in the

---

[10]The defendants also argue that the alleged conduct of the class of defendant
appraisers cannot form a significant basis of the claims because the purpose of appraisals
is to protect lenders, not borrowers [Doc. 11 at 7-8 (citing *Wallace v. Midwest Fin. &
Mortg. Servs. Inc.*, 728 F.Supp.2d 906 (E.D.Ky. 2010); *Sararo v. United States Bank
Nat'l Ass'n*, 2012 WL 2369254, *1 (M.D. Fla. Jun. 22, 2012); and *Nymark v. Heart Fed'l
Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089 (Cal. Ct. App. 1991); Doc. 12; and Doc. 13].
However, as noted by the plaintiffs, federal law, The Appraisal Foundation, the Uniform
Standards of Professional Appraisal Practice ("USPAP"), Fannie Mae, and West Virginia
law all condemn the influencing of appraisals [Doc. 14 at 3-8].  Moreover, the appraisal
reports for the named representative plaintiffs specifically state that the borrower may reply
upon the appraisal report [*Id.* at 8].  The appraisal reports state that "[t]he borrower, another
lender at the request of the borrower, the mortgagee or its successors and assigns,
mortgage insurers, government sponsored enterprises, and other secondary market
participants may rely on this appraisal report as part of any mortgage finance transaction
that involves any one or more of these parties" [Doc. 14-4 at 12, ¶ 23; Doc. 14-5 at 7, ¶ 23;
Doc. 14-6 at 7, ¶ 23; Doc. 14-7 at 7, ¶ 23].  Accordingly, this Court finds that the appraisals
can support the significant basis requirement.

First Amended Complaint directly relate to the alleged conduct of the class of defendant appraisers. *See Kaufman*, 561 F.3d at 155-56 ("The provision does not require that the local defendant's alleged conduct form a basis of *each* claim asserted; it requires that the local defendant's alleged conduct form a *significant basis* of all the claims asserted."). In addition, nearly all of the counts are a direct or indirect result of the alleged conduct of the class of defendant appraisers because such conduct formed the foundation of the loans. Accordingly, the factors pertaining to the number of claims provide further support for the conclusion that the significant basis requirement has been met with regard to the class of defendant appraisers.

The Court next examines the identity of and relationship among the defendants as well as the approximate number of members of the plaintiff class. The defendants argue that the definition of the proposed plaintiff class indicates that the defendant appraisers class is merely "peripheral" [Doc. 11 at 8 (citing *Eakins*, 455 F.Supp.2d at 452); Doc 12; and Doc. 13]. However, this Court disagrees. In their First Amended Complaint, the plaintiffs allege standard practices by Quicken, which include references to the actions of other defendants [Doc. 1-2 at 8-10]. In particular, the plaintiffs allege that the standard practices pertaining to illegal fees and unsigned documents occurred after Quicken was able to obtain a loan based upon a false appraisal [*Id.* at 9]. As such, the class of defendant appraisers is not merely peripheral because their conduct serves as the basis of each loan and claim. Moreover, the impact of the appraisals on the loans and the members of the plaintiff class[11] further supports the conclusion that the alleged conduct of

---

[11]In *Carter*, this Court determined that the significant basis requirement had not been met in part because the alleged local defendant interacted with only a limited number

the class of defendant appraisers forms a significant basis of the claims in this proceeding.

As such, based upon the relevant factors, this Court concludes that the plaintiffs have established their burden to demonstrate that the alleged conduct of the class of defendant appraisers forms a significant basis of the claims in this case. Because the plaintiffs have met both the significant relief and significant basis requirements, this Court is not able to retain jurisdiction in this case under CAFA and must remand the proceeding to state court based upon the local controversy exception.

### IV. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Remand **[Doc. 8]** is hereby **GRANTED**. Accordingly, this case is **REMANDED** to the Circuit Court of Ohio County, West Virginia.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record herein.

**DATED:** October 9, 2012.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE

---

of members of the plaintiff class. This case in distinguishable from *Carter* because the class of defendant appraisers had more than limited contact with the members of the plaintiff class. 2012 WL 3637239 at *10.

15