**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

No. 12-342

───────────────

QUICKEN LOANS INCORPORATED,

       Petitioner,

  v.

PHILLIP ALIG; SARA J. ALIG; ROXANNE SHEA; DANIEL V. SHEA,
Individually and on behalf of a class of persons,

       Respondents.

───────────────

On Petition for Permission to Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. John Preston Bailey, Chief District Judge. (5:12-cv-00114-JPB; 5:12-cv-00115-JPB)

───────────────

No. 13-1073

───────────────

PHILLIP ALIG; SARA J. ALIG; ROXANNE SHEA; DANIEL V. SHEA,
Individually and on behalf of a class of persons,

       Plaintiffs - Appellees,

  v.

QUICKEN LOANS INCORPORATED,

       Defendant - Appellant,

  and

TITLE SOURCE, INCORPORATED, Title Source Inc. of West Virginia, Incorporated; DEWEY V. GUIDA; APPRAISALS UNLIMITED, INCORPORATED; RICHARD HYETT,

        Defendants.

---

**No. 13-1077**

---

PHILLIP ALIG; SARA J. ALIG; ROXANNE SHEA; DANIEL V. SHEA, Individually and on behalf of a class of persons,

        Plaintiffs - Appellees,

    v.

QUICKEN LOANS INCORPORATED,

        Defendant – Appellant,

    and

TITLE SOURCE, INCORPORATED, Title Source Inc. of West Virginia, Incorporated; DEWEY V. GUIDA; APPRAISALS UNLIMITED, INCORPORATED; RICHARD HYETT,

        Defendants.

---

Appeals from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, Chief District Judge.  (5:12-cv-00114-JPB; 5:12-cv-00115-JPB)

---

Argued:  September 17, 2013        Decided:  December 19, 2013

---

Before NIEMEYER, WYNN, and FLOYD, Circuit Judges.

---

Vacated and remanded by published opinion.  Judge Floyd wrote the opinion, in which Judge Niemeyer and Judge Wynn joined.

---

2

**ARGUED**: Meir Feder, JONES DAY, New York, New York, for Quicken Loans Incorporated.  John William Barrett, BAILEY & GLASSER, LLP, Charleston, West Virginia, for Phillip Alig, Sara J. Alig, Roxanne Shea, and Daniel V. Shea.  **ON BRIEF**: Carte P. Goodwin, GOODWIN & GOODWIN, LLP, Charleston, West Virginia; Tracy K. Stratford, P. Nikhil Rao, JONES DAY, New York, New York, for Quicken Loans Incorporated.  Jonathan R. Marshall, BAILEY & GLASSER, LLP, Charleston, West Virginia, for Phillip Alig, Sara J. Alig, Roxanne Shea, and Daniel V. Shea.

FLOYD, Circuit Judge:

In this appeal, Defendant-Appellant challenges the district court's granting of Plaintiffs-Appellees' motion to remand this case to state court. After Defendant-Appellant removed the case to federal court pursuant to the Class Action Fairness Act (CAFA), codified in relevant part at 28 U.S.C. § 1332(d), Plaintiffs-Appellees filed a motion to remand under 28 U.S.C. § 1332(d)(4)(A), or the local controversy exception. The district court granted Plaintiffs-Appellees' motion, after which Defendant-Appellant petitioned this Court for permission to appeal the remand order pursuant to 28 U.S.C. § 1453(c). We deferred ruling on the petition pending formal briefing of the appeal and assignment of the petition and appeal to a merits panel. We hereby grant the petition and, for the reasons that follow, vacate the district court's decision remanding the case to state court and remand the case to the district court to determine whether Plaintiffs-Appellees satisfy the "at least 1 defendant" requirement of the local controversy exception as interpreted herein.

I.

Plaintiffs-Appellees Phillip Alig, Sara J. Alig, Roxanne Shea, and Daniel V. Shea (Plaintiffs) filed this lawsuit in West Virginia state court, both individually and on behalf of a class

4

of West Virginia citizens. They subsequently filed an amended complaint. In the amended complaint, the plaintiff class is defined as follows:

> All West Virginia citizens at the time of the filing of this action who, within the applicable statute of limitations preceding the filing of this action through the date of class certification, obtained mortgage loans from Defendant Quicken, and (a) were provided unsigned loan documents at closing, (b) were assessed loan discount, courier, or notary fees, or (c) for whom Quicken obtained appraisals through an appraisal request form that included an estimate of value of the subject property.

Plaintiffs brought their lawsuit against Defendant-Appellant Quicken Loans and defendants Title Source, Inc., d/b/a Title Source Inc. of West Virginia, and a class of defendant appraisers. The class of defendant appraisers was represented by Appraisals Unlimited, Inc., Dewey V. Guida, and Richard Hyett. In their amended complaint, Plaintiffs define the class of defendant appraisers in the following manner:

> All real estate appraisers who are citizens of the State of West Virginia at the time of the filing of this action and who performed appraisals in connection with home-secured loans [i]n West Virginia on behalf of Quicken after receiving an appraisal request form with an estimate of value on it.

Plaintiffs brought eight claims for relief on behalf of all of the plaintiffs, named and unnamed: civil conspiracy against all defendants; violation of the West Virginia Unfair or Deceptive Acts or Practices Act, W. Va. Code § 46A-6-104, against all defendants; violation of the Residential Mortgage

5

Lender, Broker and Services Act, W. Va. Code § 31-17-8(c), (g), and (m)(1), against Quicken Loans; unconscionable contract against Quicken Loans; violation of the Real Estate Appraiser Licensing and Certification Act, W. Va. Code §§ 30-38-12(3) and 30-38-17, against the defendant appraiser class; unauthorized charges, pursuant to West Virginia Code § 46-3-109(a) and § 46A-1-102(7) and (28); breach of contract against Quicken Loans; and negligence and negligence per se against all defendants. Plaintiffs also make two claims on behalf of the named plaintiffs only:  fraud/intentional misrepresentation against all defendants and illegal loans in excess of fair market value, in violation of West Virginia Code § 31-17-8(m)(8).

In essence, Plaintiffs complain that Quicken Loans originated unlawful loans in West Virginia and that Defendant Appraisers, which includes both the named appraisers and the unnamed class of appraisers, were complicit in the scheme. Plaintiffs allege that, before Defendant Appraisers conducted an appraisal, Quicken Loans would furnish them with a suggested appraisal value.  Then, after purportedly conducting the appraisal, Defendant Appraisers arrived at the same appraisal value as the suggested appraisal value.  The problem with that scheme, according to Plaintiffs, is that the borrower would then close on a loan that was underwater from the beginning.

6

After Plaintiffs filed the amended complaint, Quicken Loans filed a notice of removal in the United States District Court for the Northern District of West Virginia, claiming that the district court had jurisdiction pursuant to CAFA. Thereafter, Plaintiffs filed a motion to remand, arguing that the local controversy exception applied. The district court agreed with Plaintiffs and remanded the case to state court. Quicken Loans then filed a petition for permission to appeal with this Court.

## II.

Our review of the district court's grant of a motion to remand to state court is de novo. Francis v. Allstate Ins. Co., 709 F.3d 362, 366 (4th Cir. 2013).

Removal pursuant to CAFA is allowed in any civil class action as long as the following mandates are satisfied:

> (1) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," 28 U.S.C. § 1332(d)(2); (2) "any member of a class of plaintiffs is a citizen of a State different from any defendant," id. § 1332(d)(2)(A); and (3) there are 100 or more plaintiff class members, id. § 1332(d)(5)(B).

W. Va. ex rel. McGraw v. CVS Pharmacy, Inc., 646 F.3d 169, 174 (4th Cir. 2011) (emphasis omitted). The statute defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action. § 1332(d)(1)(B)."

7

Id. (emphasis omitted). The party removing an action to federal court bears the burden of establishing that jurisdiction is appropriate. Strawn v. AT&T Mobility LLC, 530 F.3d 293, 296-97 (4th Cir. 2008).

There is no debate between the parties that these requirements were met. Hence, the district court had subject matter jurisdiction over this case pursuant to CAFA. The dispute arises, however, over whether the local controversy exception to CAFA applies. If it is applicable, then the district court was required to decline to exercise jurisdiction over the action and remand it to state court. See 28 U.S.C. § 1332(d)(4).

The elements of the local controversy exception are as follows: (1) more than two-thirds of the members of the proposed plaintiff class are citizens of the state where the suit was filed originally; (2) at least one defendant (a) is a defendant from whom members of the plaintiff class are seeking "significant relief," (b) is a defendant whose conduct "forms a significant basis" for the proposed plaintiff class's claims, and (c) is a citizen of the state in which the action originally was filed; (3) the principal injuries stemming from the conduct alleged in the complaint occurred in the state where the action was filed originally; and (4) in the three years before the filing of the class action complaint, no other similar class

8

action was filed against any of the defendants on behalf of the same or other class.  28 U.S.C. § 1332(d)(4)(A).

The parties agree that factors one, three, and four of the local controversy exception are satisfied.  It is the second element—the "at least 1 defendant" rule—on which the parties are unable to agree.  There is no dispute that at least one defendant is a citizen of West Virginia, where the action originally was filed.  Thus, the sole issue before us is whether Defendant Appraisers qualify as a significant local defendant (i.e. whether at least one defendant is a defendant from whom members of the plaintiff class are seeking significant relief and is a defendant whose conduct "forms a significant basis" for the proposed plaintiff class's claims).

According to Quicken Loans, it was improper for the district court to aggregate Defendant Appraisers for the purpose of satisfying the "at least 1 defendant" portion of the local controversy exception.  In response, Plaintiffs state that this argument is waived because Quicken Loans failed to make it below.  There can be no doubt that Quicken Loans vigorously argued before the district court that the second element of the local controversy exception was not met.  We certainly agree with Plaintiffs that Quicken Loans did not "pellucidly articulate this theory" below.  Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc., 530 U.S. 238, 245 n.2 (2000)

9

(addressing theory not previously "pellucidly articulate[d]"). But because the "at least 1 defendant" issue is "encompassed in [Quicken Loans'] more general [argument that the second element of the local controversy exception was not met] and no new evidence is presented," PCTV Gold, Inc. v. SpeedNet, LLC., 508 F.3d 1137, 1145 n.5 (8th Cir. 2007), under the facts and circumstances of this case we reach the argument.

Quicken Loans asserts that the district court erred in finding the "at least 1 defendant" requirement was satisfied by relying on Defendant Appraisers as a group, not one significant named local defendant. The plain language of the local controversy exception specifies that "at least 1 defendant" must satisfy the requirements. 28 U.S.C. § 1332(d)(4)(A)(i)(II). Thus, according to Quicken Loans, this language cannot be satisfied by aggregating claims against multiple defendants. And, even if it could, unidentified members of an uncertified purported class are not "defendants."

As to the contention that the "at least 1 defendant" factor must be read literally such that the exception applies only if a single defendant satisfies the other requirements of the local controversy exception, Plaintiffs make no argument other than to rest on their general assertion of waiver. Nevertheless, we are unable to agree with Quicken Loans' suggestion that the "at least 1 defendant" factor must mean only one defendant. Under

10

common parlance, the term "at least" permits a reading that more than one defendant could satisfy the stated criteria. Moreover, to conclude otherwise would lead to an absurd result.

To highlight the absurdity of interpreting "at least 1 defendant" to mean only one defendant, we set forth the following example that explicates our concern: There is a putative class action wherein all twenty named defendants, except one, reside in the same state. There is no dispute that the one out-of-state defendant is an insignificant defendant for purposes of relief and the basis of the suit. The remaining nineteen in-state defendants are 99.99 percent liable and meet the "significant relief" and "significant basis" factors as a group and in equal proportion to each other—5.26 percent each. The other factors of the local controversy exception are met.

With Quicken Loans' reading of the "at least 1 defendant" requirement, the local controversy exception would not apply, even though 99.99 percent of the harm alleged was caused by the local named defendants. This is an absurd reading of the statute and one that we are unable to countenance.

Quicken Loans' reading would also "produce[] an outcome that is demonstrably at odds with clearly expressed congressional intent." In re Sunterra Corp., 361 F.3d 257, 265 (4th Cir. 2004). The legislative history demonstrates that the purpose of the local controversy exception is to permit class

11

actions with a truly local focus to remain in state court.  See S. Rep. No. 109-14, at 38 (2005) (stating that a federal court should apply this exception to a case identified as "a truly local controversy—a controversy that uniquely affects a particular locality to the exclusion of all others").  A court's analysis for jurisdictional purposes should focus on whether the case is a "truly local controversy" warranting remand or whether it is an "interstate class action[] . . . involv[ing] more people, more money, and more interstate commerce" that Congress intended to place in federal court.  Id. at 5, 38.  As this Court noted in McGraw:

> CAFA does protect important federal interests in addressing state abuses in interstate class actions. It was enacted to prevent States from keeping cases of national importance out of Federal court" and making "judgments that impose their view of the law on other States and bind the rights of the residents of those states.  It thus assures that federal courts decide interstate cases of national importance.  But CAFA is also sensitive to deeply-rooted principles of federalism, reserving to the States primarily local matters.

646 F.3d at 178 (citations omitted) (quotation marks omitted).

Thus, here, where there is no question that all of the named defendant appraisers are citizens of the same state where the action originally was filed, all of the plaintiffs are citizens of the same state where the action originally was filed, and the principal injuries stemming from the conduct alleged in the complaint occurred in the state where the action

12

originally was filed, we are convinced that this is "a truly local controversy—a controversy that uniquely affects a particular locality to the exclusion of all others." S. Rep. No. 109-14, at 38. As such, it was proper for the district court to aggregate the named defendant appraisers for purposes of the local controversy exception. But, the district court went further than that: it also combined the absent members of the putative class. Therein lies the problem. An unnamed member of a proposed but uncertified class is not a party to the litigation. Smith v. Bayer Corp., 131 S. Ct. 2368, 2379 (2011). Consequently, because the class of unnamed defendant appraisers is not a party to this lawsuit, it was improper for the district court to consider them in deciding whether Plaintiffs had satisfied the "at least 1 defendant" requisite of the local controversy exception.

As such, we are left with the question as to whether the named defendant appraisers—Appraisals Unlimited, Inc., Dewey V. Guida, and Richard Hyett—meet the "at least 1 defendant" portion of the local controversy exception. But, we are unable to make that determination on the record before us. Accordingly, we remand this action to the district court to make that decision. If the named defendant appraisers satisfy the "at least 1 defendant" criteria, then the district court should remand the

13

case to state court.  But, if not, then the case shall proceed in the district court.

### III.

For the foregoing reasons, the decision of the district court remanding this case to state court is vacated and this action is remanded for a determination by the district court as to whether the named defendant appraisers satisfy the "at least 1 defendant" requirement of the local controversy exception.

<u>VACATED AND REMANDED</u>